# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Matthew Jeffrey Lester, Respondent.

Appellate Case No. 2016-000535

---

Opinion No. 27661
Submitted August 9, 2016 – Filed August 24, 2016

---

## DISBARRED

---

Lesley M. Coggiola, Disciplinary Counsel, and Sabrina C. Todd, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Matthew Jeffrey Lester, *Pro Se*.

---

**PER CURIAM:**   By order of the Superior Court of Wake County, North Carolina dated October 3, 2013, respondent was disbarred from the practice of law in North Carolina.[1]  The order was forwarded to this Court by the Office of Disciplinary Counsel (ODC) on March 11, 2016.  Thereafter, pursuant to Rule 29(b) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, ODC and respondent were notified by letter of the Clerk of this Court that they had thirty days to inform the Court of any claim that imposition of the identical discipline in

---

[1] The order is a Consent Order of Disbarment that states respondent resigned from the North Carolina State Bar in light of a pending investigation into misappropriation of client funds.  The order further states respondent acknowledged the material facts upon which the investigation was predicated were true and that he could not successfully defend against disciplinary charges if brought.  The order concluded that by misappropriating client funds, respondent violated Rule 8.4 of the North Carolina Rules of Professional Conduct and the conduct constituted grounds for discipline.  Finally, the order concluded respondent had engaged in professional misconduct warranting disbarment.  Accordingly, respondent was disbarred from the practice of law in North Carolina.

South Carolina is not warranted and the reasons for any such claim.[2] ODC submitted a letter stating it has no information that would indicate imposition of identical discipline against respondent in South Carolina is not warranted. Respondent did not respond to the Clerk's letter.

We find disbarment is the appropriate sanction to impose as reciprocal discipline, as none of the reasons set forth in Rule 29(d) of the Rules for Lawyer Disciplinary Enforcement for the imposition of different discipline exists in this matter.

**DISBARRED.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**

---

[2] This letter was mailed to the two most recent addresses respondent provided in the Attorney Information System (AIS), both in North Carolina. ODC also attempted to contact respondent using the email address he provided in AIS but received no response.